UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO THE UNITED STATES COAST GUARD | No. 24-mc-00092 (DLF) |
| STUDENTS FOR FAIR ADMISSIONS,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES NAVAL ACADEMY, *et al.*,<br><br>*Defendants*. | District of Maryland<br>No. 23-cv-02699 (RDB) |

**ORDER**

Before the Court is Students for Fair Admissions' (SFFA) Motion to Compel the United States Coast Guard to comply with a discovery subpoena. Dkt. 1. The underlying litigation challenges the United States Naval Academy's consideration of race in its admissions process. *See Students for Fair Admissions v. The United States Naval Academy*, No. 1:23-cv-2699 (D. Md) (Bennett, J.). SFFA seeks to compel the Coast Guard—a non-party to the litigation—to produce information related to the Coast Guard's prior use of race in its admissions process, as well as statistical data about minority representation on campus. Opp'n to Mot. to Compel at 4, Dkt. 6. For the reasons stated, the Court will transfer the motion to the United States District Court for the District of Maryland.

A party to a litigation may subpoena documents from a non-party under Federal Rule of Civil Procedure 45(a). If the subpoena is contested, subsequent motions to compel compliance

with the subpoena are handled in the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3). The subsequent court may, however, transfer any motion to compel back to the court that issued the subpoena "if the person subject to the subpoena consents" or "if the court finds exceptional circumstances." *Id.* R. 45(f).

The Court recognizes that Rule 45(f) is permissive and not mandatory. *See* Reply at 2–3, Dkt. 7. Nonetheless, it will exercise its discretion and transfer SFFA's motion to compel to the District of Maryland because the Coast Guard consents to transfer. Opp'n to Mot. to Compel at 4; *see In re Braden*, 344 F. Supp. 3d 83, 90 (D.D.C. 2018) (noting the "prime concern" with nonparty subpoenas is the burden on the nonparty); *Bogard Constr. Inc. v. Oil Price Info. Serv.*, 2022 WL 1213307, at *2 (D. Md. Apr. 25, 2022) ("[The nonparty's consent] alone ends the matter."); *Hall v. Marriott Int'l Inc.*, 2021 WL 3129598, at *2 (N.D. Cal. July 23, 2021) ("[The nonparty's] proactive consent to the transfer provides sufficient grounds for this Court to grant [the] motion to transfer."). Moreover, the District of Maryland "is in a better position to rule on the [] motion to compel in light of [Judge Bennett's] history and familiarity with the parties and the issues underlying the subpoena dispute." Opp'n to Mot. to Compel at 4 (quoting *Honeywell Int'l Inc. v. Law Offices of Peter T. Nicholl*, 2022 WL 43494, at *4 (D.D.C. Jan. 5, 2022)). Accordingly, it is

**ORDERED** that SFFA's Motion to Compel Compliance with the Subpoena Directed to the United States Coast Guard shall be transferred to the United States District Court for the District of Maryland.

**SO ORDERED.**

August 7, 2024

DABNEY L. FRIEDRICH
United States District Judge